United States District Court
Southern District of Texas
**ENTERED**
July 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PAUL K. HOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-9 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court dismissed this prisoner civil rights lawsuit for failure to state a claim on which relief may be granted (Dkt. 64 and Dkt. 65). Plaintiff Paul K. Howe (TDCJ #01473851) is appealing the Court's judgment (Dkt. 66) and has filed an application for leave to proceed *in forma pauperis* on appeal (Dkt. 70). Howe's IFP application includes medical records indicating that Howe, as he has often claimed, suffers from severe mental illness and has attempted suicide in the past. Unfortunately, the Court must still **DENY** Howe's application.

Howe's application does not include the required certified copy of Howe's trust fund account statement for the six-month period immediately preceding the filing of Howe's notice of appeal. *See* 28 U.S.C. § 1915(a)(2). Moreover, Howe's appeal from the Court's judgment seeks review of only frivolous issues and is therefore, under the objective test enunciated in *Coppedge v. United States*, 369 U.S. 438, 445 (1962), not

taken in good faith. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Even though this Court has certified that Howe's appeal is not taken in good faith, Howe has the right to challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. *Baugh*, 117 F.3d at 202. However, the Court notes that, because the Fifth Circuit has assigned a docket number (16-40832) to Howe's appeal, the fee discussed in footnote 22 of the *Baugh* opinion will be assessed regardless of whether Howe challenges the Court's bad-faith finding. *Branum v. Fontenot*, 288 Fed. App'x 990, 991 (5th Cir. 2008); *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

The Court is unable to assess an initial partial filing fee at this time—*see* 28 U.S.C. § 1915(b)(1)—because, as noted above, Howe has not included his prisoner trust fund account statement. Howe shall pay the filing fee in periodic installments as required by 28 U.S.C. § 1915(b)(2) until the entire appellate filing fee of $505.00 has been paid. The agency having custody of Howe shall collect the amount of the appellate filing fee, $505.00, from Howe's trust account or institutional equivalent and forward it to the Clerk of the District Court in compliance with the terms of this Order.

The Clerk of this Court shall send a copy of this Order to the parties and to the Clerk of Court of the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit docket number is 16-40832.

The Clerk of this Court shall also mail a copy of this Order to (1) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629 and (2) the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711.

SIGNED at Galveston, Texas on ___July 29___, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE